UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-v-<br><br>NOEL BIDO,<br><br>　　　　　　　　　　Defendant. | No. 14-cr-212 (RJS)<br>ORDER |
| NOEL BIDO,<br><br>　　　　　　　　　　Petitioner,<br><br>-v-<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Respondent. | No. 19-cv-8388 (RJS)<br>ORDER |

RICHARD J. SULLIVAN, Circuit Judge:

On September 6, 2019, Defendant Noel Bido petitioned pursuant to 28 U.S.C. § 2255 to vacate his conviction under 18 U.S.C. § 924(c) following his guilty plea (the "Petition"). (19-cv-8388, Doc. No. 1.) On September 23, 2019, the government filed a response opposing Bido's Petition (14-cr-212, Doc. No. 957),[1] and on December 13, 2019, Bido filed a reply to the government's opposition (Doc. No. 978). The Court is now in receipt of Bido's motion for "a grant of bail pending the appeal" pursuant to 18 U.S.C. § 3143(b)(1) or, in the alternative, "to expedite his motion under 28 U.S.C. § 2255." (Doc. No. 992.) Because Bido does not have a pending appeal, and therefore cannot rely on § 3143(b)(1), the Court interprets this as a motion for bail pending the resolution of his Petition. For the reasons stated below, Bido's motion is DENIED.

---

[1] Unless otherwise indicated, all remaining docket citations are to 14-cr-212.

While the Court has "inherent authority" to grant bail for an individual with a pending habeas petition, *Illarramendi v. United States*, 906 F.3d 268, 271 (2d Cir. 2018), *cert. denied*, 139 S. Ct. 2761 (2019), this power is "a limited one, to be exercised in special cases only," *Mapp v. Reno*, 241 F.3d 221, 226 (2d Cir. 2001). "The standard for bail pending habeas litigation is a difficult one to meet: The petitioner must demonstrate that the habeas petition raises substantial claims and that extraordinary circumstances exist that make the grant of bail necessary to make the habeas remedy effective." *Grune v. Coughlin*, 913 F.2d 41, 44 (2d Cir. 1990) (internal quotation marks and brackets omitted).

Bido has not met his burden. First, Bido has not raised a substantial claim that is likely to succeed. In fact, the Court recently denied the § 2255 motion of Bido's co-defendant, Tevin Mizell, which raised a nearly identical claim. (*See* Doc. No. 990.) Second, Bido has failed to show that "extraordinary circumstances exist that make the grant of bail necessary to make the habeas remedy effective," *Grune*, 913 F.2d at 43–44, as he points only to the existence of the COVID-19 pandemic (*see* Doc. No. 990 at 5–6). Although the Court recognizes the severity and risk of the COVID-19 pandemic, Bido must, at a minimum, explain why his particular circumstances merit this extraordinary relief. *See, e.g.*, *United States v. Nkanga*, No. 18 Cr. 713 (JMF), 2020 WL 1695417, at *3 (S.D.N.Y. Apr. 7, 2020) (granting bail pending resolution of a 28 U.S.C. § 2255 motion given "the defendant's age; his multiple health issues; the nature of the defendant's offense; [and] the precise timing of the sentencing proceeding (which occurred on March 12, 2020) in relation to the emerging COVID-19 pandemic" (internal quotation marks omitted)). He has not done so.

Although Bido is clearly not entitled to bail pending resolution of his habeas petition, the Court notes that there are other avenues of relief that are potentially available to Bido. For instance, Bido might seek compassionate release pursuant to 18 U.S.C. § 3582, although he must

first petition the Bureau of Prisons ("BOP") for relief. *See United States v. Ogarro*, No. 18-cr-373-9 (RJS), 2020 WL 1876300, at *3 (S.D.N.Y. Apr. 14, 2020) (concluding that "section 3582(c)'s exhaustion proscription" unambiguously "mandates that where the BOP has not submitted an application for a sentence reduction, a court cannot, under any circumstances, grant compassionate release unless the defendant has either 'fully exhausted all administrative rights to appeal' or waited at least 30 days from the receipt of such a request by the warned of the defendant's facility'" (quoting 18 U.S.C. § 3582(c)(1)(A)). Bido might also seek a furlough under 18 U.S.C. § 3622, which could "provide a means to release [Bido] until the threat posed by COVID-19 subsides and [he] c[an] be safely returned to prison to finish h[is] sentence." *United States v. Roberts*, No. 18-cr-528 (JMF) 2020 WL 1700032, at *3 (S.D.N.Y. Apr. 8, 2020). Finally, the CARES Act and the Attorney General have given the BOP the authority to permit prisoners to finish the remainder of their sentence in home confinement. *See* 18 U.S.C. § 3624(c)(2). Notably, the latter two remedies, furlough and home confinement, are exclusively within the discretion of the BOP; the Court lacks authority to order either one.

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED THAT Bido's "motion for a grant of bail" pending resolution of his habeas petition is DENIED. Because the Court will rule on the merits of Bido's petition in due course, IT IS FURTHER ORDERED THAT Bido's request to expedite is DENIED. The Clerk of Court is respectfully directed to terminate the motion pending at 14-cr-212, document number 992, and 19-cv-8388, document number 9, and to mail a copy of this Order to Defendant Bido.

SO ORDERED.

Dated:    May 28, 2020
          New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation